# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1459V
Filed: October 10, 2018
UNPUBLISHED

|  |  |
|---|---|
| NANCY CALHOUN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Simina Vourlis, Law Offices of Simina Vourlis, Columbus, OH*, for petitioner.
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 4, 2016, Tommy Calhoun filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of his mother, Nancy Calhoun, who had granted him limited power of attorney for her affairs.[3]  The petition alleges that Nancy Calhoun suffered Guillain-Barre Syndrome ("GBS") as a result of her influenza vaccination on September 18, 2014.  Petition at 1,5.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] On May 11, 2018, the court granted petitioner's motion to amend the caption to reflect Nancy Calhoun as the sole petitioner because her mental and physical capacity had improved and Mr. Calhoun no longer met the criteria as a person who could file a vaccine petition under §11(b)(1)(A).  Order, issued May 11, 2018 (ECF No. 46).

On August 21, 2018, respondent filed an Amended Rule 4(c) Report and Proffer on Damages.[4]  On August 22, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS.  On August 21, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $146,667.00, representing pain and suffering ($135,000.00), past unreimbursable out of pocket expenses ($6,167.00), and future unreimbursable out of pocket expenses ($5,500.00).  Proffer at 8.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the August 21, 2018 Amended Rule 4(c) Report and Proffer (ECF No. 62), **the undersigned awards petitioner a lump sum payment of $146,667.00 (representing $135,000.00 for pain and suffering, $6,167.00 for past unreimbursable out of pocket expenses, and $5,500.00 for future unreimbursable out of pocket expenses) in the form of a check payable to petitioner, Nancy Calhoun.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[4] Previously, respondent filed a Rule 4(c) Report and Proffer on Damages on May 15, 2018.  The undersigned issued a ruling on entitlement and decision awarding damages on May 16, 2018, and judgment was entered on May 21, 2018.  On July 19, 2018, the parties moved jointly for relief from judgment pursuant to RCFC 60(b) due to an error in the sub-amounts listed in the Proffer.  On August 16, 2018, the court granted the Rule 60(b) motion, vacated judgment, and withdrew the May 16, 2018 entitlement and damages decisions.  Order, issued Aug. 16, 2018 (ECF No. 61).  On August 21, 2018 respondent filed an Amended Rule 4(c) Report and Proffer (ECF No. 62).  On August 22, 2018, the court issued a ruling on entitlement (ECF No. 63) and decision awarding damages (ECF No. 64), and judgment was entered on August 23, 2018 (ECF No. 66).  On October 4, 2018, the parties filed a Second Joint Motion for Relief from Judgment (ECF No. 69).  That motion was granted on October 10, 2018 and the August 22, 2018 damages decision was withdrawn and the August 23, 2018 judgment was vacated. The court now reissues a decision awarding damages listing a corrected award of damages.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.