# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-1459V**
**Filed: August 22, 2018**
UNPUBLISHED

|  |  |
|---|---|
| NANCY CALHOUN,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Causation-In-Fact; Influenza (Flu)<br>Vaccine; Guillain-Barre Syndrome<br>(GBS) |

*Simina Vourlis, Law Offices of Simina Vourlis, Columbus, OH, for petitioner.*
*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On November 4, 2016, Tommy Calhoun filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of his mother, Nancy Calhoun, who had granted him limited power of attorney for her affairs.[3]  Petitioner alleges that she suffered Guillain-Barre Syndrome as a result of her influenza vaccination on September 18, 2014.  Petition at 1,

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] On May 11, 2018, the court granted petitioner's motion to amend the caption to reflect Nancy Calhoun as the sole petitioner because her mental and physical capacity had improved and Mr. Calhoun no longer met the criteria as a person who could file a vaccine petition under § 11(b)(1)(A). Order, issued May 11, 2018 (ECF No. 46).

5.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 21, 2018, respondent filed an amended Rule 4(c) Report and Proffer on Damages in which he states that he does not contest that petitioner is entitled to compensation in this case.[4]  Respondent's Rule 4(c) Report and Proffer on Damages at 2.  Specifically, respondent states that "petitioner has satisfied the criteria set forth in the revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI")."  *Id.* at 8.  Respondent notes that the revised Table governs only petitions filed on or after the effective date of the final rule, but recognizes that "petitioner may re-file this petition and be afforded a presumption of causation under the revised Table (*see* 42 U.S.C. § 300aa-16(b)), [and therefore] respondent will not contest entitlement to compensation in this case."  *Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[4] Respondent previously filed a Rule 4(c) Report and Proffer on Damages on May 15, 2018.  The undersigned issued a ruling on entitlement and decision awarding damages on May 16, 2018, and judgment was entered on May 21, 2018.  On July 19, 2018, the parties filed a joint motion for relief indicating that there was an error in the sub-amounts listed in the Proffer.  The parties requested that the previously-filed Rule 4 Report and Proffer be stricken, the ruling on entitlement and decision awarding damages be withdrawn, and the judgment vacated.  That motion was granted on August 16, 2018.  Respondent now files an amended Rule 4 Report and Proffer.